UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| Shanghai Tainai Bearing Co., Ltd. and C&U Americas, LLC, <br><br>         Plaintiffs, <br>   and <br><br>Precision Components, Inc, Xinchang Newsun Xintianlong Precision Bearing Manufacturing Co., Ltd and Hebei Xintai Bearing Forging Co., Ltd, <br><br>         Consolidated Plaintiffs, <br>   v. <br><br>United States. <br><br>         Defendant. | Cons. Ct No. 22-00038 |

**Plaintiffs' Comments on Remand Determination**

David Craven
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 709 8506
david.craven@tradelaw.com

Dated: February 12, 2024

# Table of Contents

Table of Contents ...................................................................................................... i

Table of Authorities ................................................................................................. ii

Summary ................................................................................................................. 2

Argument ................................................................................................................. 2

    1. The Department did not properly select neutral facts to fill the perceived gaps in the record ........................................................... 2

    2. The Department Should Not Have Capped the Additional Revenue ................................................................................................. 3

Conclusion .............................................................................................................. 4

Table of Authorities

Rule 73 of the Rules of the U.S. Court of International Trade................................1

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| Shanghai Tainai Bearing Co., Ltd. and C&U Americas, LLC,<br><br>　　　　　　　Plaintiffs,<br>　and<br><br>Precision Components, Inc, Xinchang Newsun Xintianlong Precision Bearing Manufacturing Co., Ltd and Hebei Xintai Bearing Forging Co., Ltd,<br><br>　　　　　　　Consolidated Plaintiffs,<br>　v.<br><br>United States.<br><br>　　　　　　　Defendant. | Cons. Ct No. 22-00038 |

**Plaintiffs' Comments on Remand Determination**

　　　Pursuant to Court's Order of September 14, 2024 and Rule 73 of the Rules of the U.S. Court of International Trade, plaintiffs Shanghai Tainai Bearing Co., Ltd. and C&U Americas, LLC, respectfully submit their comments on the Department's Remand determination.  As discussed in these comments, while the Department properly addressed certain issues in the remand determination, the Department erred in addressing other key issues with the net result that the remand determination is fatally flawed.  This Court should, therefore, remand this matter to the Department of Commerce with instructions to reconsider and correct certain aspects of the

1

January 12, 2024 remand results.

Summary:

1. The selected Neutral Facts should be adjusted to avoid the double counting of financial ratios. By failing to make such adjustment, the Department applies the financial ratios to the inputs twice – once for the finished product which makes up the input and a second time for production of the completed bearing.

2. The Department should not have capped the additional revenue received as 301 duties by the amount of the 301 duties paid. Such additional revenue was directly attributable to the sale of goods, and is not money received for services.

Argument:

1. *The Department did not properly select neutral facts to fill the perceived gaps in the record.*

In the original determination the Department calculated the margin based on total adverse inferences and thus used adverse facts available as the basis for its calculations of the margin. In its opinion, the Court rejected the Department's taking of total adverse inferences and remanded this matter to the Department directing the Department not to take adverse inferences and to calculate a margin based on neutral facts available. The Department has now done so under protest. However, in calculating the margin, the Department selected as neutral facts, facts which were

2

still adverse to Tainai and which were not neutral facts.

Specifically, in calculating the margins, the Department continued to double count the financial ratios by valuing certain inputs using surrogate values for complete articles and then applying financial ratios to these surrogate values. This results in the double counting of the financial ratios for these inputs. These ratios are applied for the first time in the surrogate value for the completed article as the surrogate value is for a completed article and a second time for the bearing. Such error was masked when the Department took adverse inferences in the original determination and based its calculation on adverse facts available.

2. *The Department Should Not Have Capped the Additional Revenue*

In its remand determination, the Department continued to cap the additional revenue by Tainai's reported Section 301 duty expense in those cases where the additional charge is reported separately on the subject merchandise invoice. In doing so, the Department continues to ignore the critical difference between this charge and a charge for movement and similar expenses. In this case, the tariff charge, when billed separately, was directly discussed in the invoice as part of the price paid or payable. Critically, as shown in the invoices referenced in Exhibits SC-5(a), SC-5(b) and SC-5(c), the tariff charge was shown to be directly tied to the quantity and part number on a "unit price" basis. (APPX082686 - 082693). Contrary to the view of the Department, such amounts were part of the unit price similar to

3

that of a material surcharge, and were not similar to "freight" or "insurance" expenses which are set based on matters other than the goods and the price for such goods.

Accordingly, the Department's decision to continue to cap such additional revenue is not correct and should be corrected.

Conclusion:

Plaintiffs respectfully submits, for the reasons set forth above, that the Court should again remand this matter to the Department of Commerce with directions that the Department should re-consider the selection of neutral facts and should reconsider its decision to cap the price paid by capping the additional revenue collected and denominated as additional 301 duties.

A proposed order is enclosed.

                              Respectfully submitted,

                              /s/ David Craven
                              David Craven

                              Counsel to Shanghai Tainai Bearing Co., Ltd.
                              and C&U Americas, LLC,

Dated: February 12, 2024